UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case No. 06-CR-79

CULET ATEMKENG,

    Defendant.

## ORDER DENYING THE DEFENDANT'S PRETRIAL MOTION
## IN PART AS MOOT AND IN PART WITHOUT PREJUDICE

    On April 11, 2006 a grand jury sitting in the Eastern District of Wisconsin returned a one count indictment naming Culet Atemkeng ("Atemkeng") as the defendant. Atemkeng is charged with knowingly possessing a counterfeit United States Alien Documentation, Identification and Telecommunications (ADIT) stamp, knowing that the ADIT stamp had been forged, counterfeited, altered and falsely made, in violation of 18 U.S.C. §§ 1546(a) and 2. On April 14, 2006, Atemkeng was arraigned and entered a plea of not guilty. In accordance with the pretrial motion schedule, on May 5, 2006, Atemkeng filed a motion seeking an order

> for disclosure of electronic surveillance information, as well as an order setting a hearing to determine whether any such information tainted the evidence upon which the current charges are based. The impetus for this motion is the assertion in the criminal complaint that the defendant had been on a "court watch list" (criminal complaint, page 3, ¶7). Additionally, the government requested that the defendant be detained, and at the detention hearing indicated her release would be a matter of "national security."

(Def.'s Mot. at 1.) In response to the defendant's motion, the government filed a written submission in which it represents that it is following its open file policy and that the defendant has not followed

Criminal Local Rule 16.1(a) by filing a written statement affirming that counsel for both parties have conferred about the discovery dispute and the nature of that dispute. For that reason alone, the government asserts that the defendant's discovery motion should be denied.

More substantively, however, the government also represents that "no electronic surveillance was employed during the investigation related to this case." (Gov't's Resp. at 2.) Moreover, the government has stated that "the defendant is welcome to review additional documents relating to the United States' knowledge of her arrival to this country and her history with law enforcement (i.e., why and how she was placed on an immigration 'watch list')." (Gov't's Resp. at 2.) In light of such representations, the government requests that the defendant's motion to compel disclosure of electronic surveillance information be denied as moot and that her motion for an evidentiary hearing be denied.

In her reply, the defendant suggests, in light of the government's representations regarding the lack of electronic surveillance and the government's offer to provide additional documentation, that the court hold in abeyance her request for an evidentiary hearing and "continu[e] the matter for a period of approximately 30 days while the materials offered by the government are made available to the defendant for review." (Def.'s Reply at 2.)

The trial in this case is currently scheduled to commence on July 10, 2006, with the final pretrial to be conducted on June 20, 2006. Simply stated, to hold this matter in abeyance for a period of 30 days would mean holding the resolution of this motion in abeyance until a few days before the final pretrial. I decline the defendant's invitation to do so. Indeed, doing so could unnecessarily hold hostage Judge Clevert's trial calendar. Instead, the defendant's motion to compel disclosure of electronic surveillance information will be denied as moot and her motion for an evidentiary hearing will be denied without prejudice. If, after reviewing the additional documents which the government

produces, the defendant believes it necessary to file motions seeking further pretrial relief, she may seek leave of court to do so.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to compel disclosure of electronic surveillance information be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's motion for an evidentiary hearing be and hereby is **DENIED WITHOUT PREJUDICE**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), Federal Rules of Criminal Procedure 59(a), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 18th day of May, 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge